UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS R. GARREN,

        Plaintiff,                      Case No. 1:08-cv-965

v.                                                  Honorable Robert Holmes Bell

UNKNOWN HOLMES et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants McKee, Stump, and the Michigan Department of Corrections. The Court will serve the complaint against Defendant Holmes.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC) and the following IBC employees: Dr. (unknown) Holmes, Warden Kenneth McKee, Sergeant G. Stump, and unknown parties named as "Nursing Staff."

Plaintiff claims that he was diagnosed with severe spinal illness in 2005. In July or August 2008, while Plaintiff was incarcerated at the Ryan Correctional Facility, Dr. Piper prescribed him Ultram for his pain. The prescription was approved by the pain management committee in Lansing. Plaintiff was transferred to IBC on August 25, 2008. Plaintiff received his prescription for Ultram until September 21, 2008, when a nurse accused Plaintiff of trying to hide his evening medication. Defendant Stump searched Plaintiff and found only a small plastic cup in his pocket. Plaintiff denies that he attempted to hide his medication and claims that the nurse's accusation is unsupported. Plaintiff did not receive a misconduct ticket, but Defendant Holmes informed Plaintiff on September 23, 2008, that he was discontinuing Plaintiff's prescription for Ultram as a result of the incident. Plaintiff claims that without his pain medication he suffers constant pain in his neck, shoulders and back. Plaintiff contends that the discontinuation of his prescription for Ultram without good cause constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff further claims that his walking cane was taken away from him when he arrived at IBC, which has exacerbated his pain when he walks.

Plaintiff seeks injunctive relief.

II. Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the MDOC.

III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff names Warden McKee as a Defendant in his complaint, but fails to make any specific factual allegations against him. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575 ; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendant McKee engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

Plaintiff also sues Sergeant Stump, who allegedly conducted a search after a nurse accused Plaintiff of hiding his pain medication. Stump found a small plastic cup in Plaintiff's pocket. Plaintiff does not allege how Defendant Stump's conduct violated his constitutional rights. Plaintiff does not allege that the search was impermissible or that Stump played any role in the decision to discontinue his prescription for Ultram. Accordingly, Defendant Stump also will be dismissed for failure to state claim.

Plaintiff claims that Defendant Holmes discontinued his prescription for pain medication without good cause. Plaintiff claims that without the medication he is suffering constant, severe pain in his neck, shoulders and back. Plaintiff also claims that his cane was taken away from him when he arrived at IBC, which causes him increased pain when he walks. The Court finds that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Holmes.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants McKee, Stump and MDOC will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Holmes.[1]

An Order consistent with this Opinion will be entered.

Dated: October 24, 2008          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has not identified members of the "Nursing Staff" that he wishes to sue or his claims against them. Accordingly, the Court is unable to order service of the complaint against members of the nursing staff at this stage of the proceedings.